IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD WILLIAM BARR, AIS # 117790, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:25-CV-177-WKW |
| | ) | [WO] |
| YESCARE and RANDALL J. McDANIEL, D.M.D., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court are Defendant Randall J. McDaniel, D.M.D.'s Motion to Dismiss and Motion for a More Definite Statement. (Doc. # 26.) For the reasons to follow, Defendant's motions will be denied.

### A.      Rule 12(b)(5) Motion to Dismiss

Defendant moves the court to dismiss Plaintiff's claims against him pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because he was not served within the 90-day deadline imposed by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. # 26 at 4.) Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  However, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

Notwithstanding Defendant's contention that "the Court, the Clerk, [Alabama Department of Corrections], and others . . . went above and beyond the 'reasonable effort' they were required to expend to find Dr. McDaniel" (Doc. # 26 at 7), these efforts were not in vain.  Dr. McDaniel has been served and is now a party to this action and aware of Plaintiff's claims against him.  Furthermore, Plaintiff's status as a *pro se* inmate proceeding *in forma pauperis* necessitates heightened efforts to aid Plaintiff in identifying and serving those he alleges have violated his federal constitutional rights.  Therefore, Defendant's Rule 12(b)(5) motion to dismiss for insufficient service of process will be denied.

**B.    Rule 12(e) Motion for a More Definite Statement**

Alternatively, Defendant moves the court to order Plaintiff to file a more definite statement.  Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "The motion . . . must point out the defects complained of and the details desired."  *Id.*  "A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for

2

pre-trial discovery." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).

Here, Defendant asks that the court direct Plaintiff "to identify (1) the name of the dentist with whom he interacted on each of the three dates that his complaint describes, and (2) to the best of [Plaintiff's] ability, to more specifically identify the year and month of the encounter." (Doc. # 26 at 8.) Plaintiff already has identified Dr. McDaniel as "the dentist" (*see* Doc. # 15), an allegation that the court accepts as true at this stage of litigation. Plaintiff further provides a two-year period during which the alleged incidents involving the dentist occurred. (*See* Doc. # 1 at 2; Doc. # 1-1 at 1–4.) Although Plaintiff's allegations may be unartfully pled, his status as a *pro se* inmate mandates a liberal reading of his complaint. Moreover, at this juncture, granting Defendant's motion for a more definite statement would do little more than further delay the pre-trial discovery process. Accordingly, Defendant's Rule 12(e) motion for a more definite statement will be denied.

## C.   Conclusion

Based on the foregoing, it is ORDERED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (Doc. # 26) is DENIED. It is further ORDERED that Defendant's Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (Doc. # 26) is DENIED.

Defendant is DIRECTED to file an answer to the complaint on or before **April 21, 2026**.

DONE this 31st day of March, 2026.

_/s/ W. Keith Watkins_
UNITED STATES DISTRICT JUDGE

4